# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHERINE E. EACRET, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 07-CV-67-FHM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Plaintiff, Katherine E. Eacret, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir.

---

[1] Plaintiff's May 1, 2003 application for Disability Insurance benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held February 17, 2005. By decision dated March 30, 2005, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on December 8, 2006. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was born January 8, 1951, and was 54 years old at the time of the hearing. [R. 795]. On her application for benefits, Plaintiff claimed disability due to Graves disease, hypertension (high blood pressure), arthritis, hypothyroidism, "knot on Rt side of spine" and memory problems. [R. 595, 619].[2] She also claims disability due to headaches, thyroid problems, vision problems, depression, chest pain, shortness of breath, muscle spasms, swelling in her feet and hands and pain in her back, hands and legs caused by arthritis. [Plaintiff's Opening Brief, p. 1]. The ALJ determined that Plaintiff has severe impairments consisting of anxiety-related disorder, personality disorder and hypertension accompanied by dizziness and blackouts. [R. 536]. He found that, despite these impairments, Plaintiff retains the residual functional capacity (RFC) for a wide range of light work, with no postural or visual limitations but that she must take precautions against dizziness. [R. 539]. The ALJ found Plaintiff is capable of performing simple tasks and some complex tasks and that there is difficulty relating to the general public because of mental impairments. [R. 539]. In his decision, the ALJ stated that, with this RFC, Plaintiff could return to her past relevant work as a child care

---

[2] A prior claim for benefits was denied by an ALJ on February 13, 2003.[R. 285-295]. The decision was upheld by the U.S. District Court for the Northern District of Oklahoma [Case No. 03-CV-329-J] and affirmed by the Tenth Circuit Court of Appeals. [120 Fed.Appx.264, 2005 WL 40061]. At the hearing on Plaintiff's current claim the onset date was amended to February 14, 2003, the day after the prior ALJ's decision. [Dkt. 794].

worker. [R. 539]. As an alternative finding, the ALJ adopted the testimony of a vocational expert (VE) that there are a significant number of other jobs in the economy Plaintiff could perform with this RFC. [R.540]. He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 541]. The case was thus decided at step four with an alternative finding at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ committed legal error in the following respects: 1) by ignoring probative evidence; 2) that he failed to properly consider the combined impact of all Plaintiff's multiple impairments when he determined her RFC at step four and the resulting RFC was not based on substantial evidence; and 3) that his credibility conclusion was not based on substantial evidence. For the reasons discussed below, the Court affirms the decision of the Commissioner.

### ALJ's Consideration of the Medical Evidence

With regard to Plaintiff's claimed physical impairments, the ALJ determined Plaintiff has hypertension. [R. 536]. With regard to Plaintiff's complaints of disabling pain caused by spinal arthritis and degenerative joint disease, the ALJ analyzed the medical evidence and determined that the medical evidence does not support Plaintiff's claims. [R. 536]. His conclusion was based in large part upon a letter to the Disability Determination Division of the agency from Plaintiff's long-term treating physician, Terence M. Williams, D.O., dated October 15, 2003. [R. 536, 693].

The letter reads as follows:

3

> I am writing concerning at your request of October 7, 2003, concerning the above named individual. You specifically asked me to address the report of 6/26/2003, wherein I indicated that the patient had degenerative joint disease. My progress note on that date reflected that I found mild stigmata of degenerative joint disease in the hands and the knees. This would include enlargement of the joints, decrease range of motion and crepitance with flexion and extension or other movements. My evaluation did not reveal any significant decrease in grip or dexterity nor did it indicate an abnormality of gait. In that report she also related that the discomfort in the joints were not disabling or severe.

[R. 693]. Citing this letter, the ALJ found Plaintiff had only a mild stigmata of degenerative joint disease in the hands and knees. [R. 536]. Plaintiff claims the ALJ ignored vital probative evidence that was inconsistent with this finding.

Plaintiff points to a treatment note by Dr. Williams on September 16. 2004 as an example of evidence she claims the ALJ improperly ignored. [Plaintiff's Opening Brief, p. 8; R. 757]. Dr. Williams' physical examination on that date noted tenderness to palpation of the wrist joints and some crepitance in the knee joints. [R. 757]. The doctor also noted that none of Plaintiff's joints were actually acutely red, hot or swollen. *Id.* Plaintiff does not explain how this evidence conflicts with the ALJ's determination but she implies Dr. Williams' September 2004 note demonstrates her pain symptoms increased in severity after Dr. Williams wrote the October 2003 letter outlining his findings to the agency. Contrary to Plaintiff's argument, Dr. Williams' notation of "[s]tigmata of degenerative joint disease" in September 2004 does not provide vital probative evidence that contradicts the ALJ's conclusions. [R. 757]. The finding of "some mild stigmata of degenerative joint disease in the hands and in the knees" had also appeared in his treatment record of June 26, 2003, which he explained in his letter

4

of October 15, 2003. [R. 693, 694-695].[3] Nothing in Dr. Williams' treatment records during those 11 months following October 15, 2003, suggests any change in his opinion that Plaintiff's discomfort in the joints was not disabling or severe. [R. 756-762, 779-783]. The ALJ's failure to discuss Dr. William's treatment records of September 26, 2004, therefore, does not constitute reversible error under the circumstances of this case.

The ALJ also determined that Plaintiff's allegation of spinal arthritis was not supported by the medical evidence. This finding was based upon the report by Angelo Dalessandro, D.O., a consultative physician who examined Plaintiff on December 3, 2003. [R. 711-726]. Plaintiff contends the ALJ failed to properly consider Dr. Dalessandro's findings. The Court disagrees. The ALJ twice addressed Dr. Dalessandro's report in his decision. [R. 536, 537]. Dr. Dalessandro's range of motion charts do not overwhelmingly contradict the ALJ's determination that Plaintiff has only a slight limitation in her lumbosacral spine's flexion, extension and bending. [R. 714-717]. In addition, the ALJ considered the RFC assessed by the agency's non-examining medical consultant on December 16, 2003. [R. 538; 745-753]. That consultant's opinion was based upon review of the medical record, including Dr. Dalessandro's range of motion, flexion and reflexes charts. [R. 727]. Nothing in Dr. Dalessandro's report or attached charts indicate a more severe limitation in Plaintiff's functional capacity than those found by the medical consultant and the ALJ.

---

[3] Stigmata, plural of stigma, any mental or physical mark or peculiarity which aids in the identification or diagnosis of a condition. *Dorland's Ill. Medical Dictionary* 1580 (28th ed. 1994).

Contrary to Plaintiff's argument, a diagnosis of osteoarthritis by the examining consultant does not constitute sufficient evidence of a severe impairment causing functional limitations. Nor does the fact that Dr. Williams had diagnosed Plaintiff with degenerative arthritis establish the existence of a severe impairment.[4] The mere diagnosis of an impairment or condition is not sufficient to sustain a finding of disability. *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988). An impairment is not severe if it does not significantly limit a person's physical or mental ability to do basic work activities. *Branum v. Barnhart*, 385 F.3d 1268 (10th Cir. 2004); 20 C.F.R. § 416.921(a). Plaintiff acknowledged that Dr. Williams had not placed any limitations on any of her activities. [R. 811]. Dr. Williams described Plaintiff's joint discomfort as "not disabling or severe." [R. 693]. Nothing in the medical record overwhelms the ALJ's determination that Plaintiff's allegation of spinal arthritis is not supported by the medical record.[5] [R. 536].

Plaintiff complains the ALJ ignored evidence of "swelling in her extremities and all of the objective medical evidence repeatedly demonstrating this problem." [Plaintiff's brief, p. 9]. She cites to an October 9, 2003 observation by a cardiologist, W.W. Stoever, D.O., of "ankle edema, possibly secondary to Norvasc."[6] [R. 689-691]. She also points to Dr. Dalessandro's report of "slight swelling in the fingers of Plaintiff's right

---

[4] The Court notes that the diagnosis did not re-appear on Dr. Williams' subsequent treatment records. [R. 756, 779-780].

[5] Plaintiff refers to a laboratory test from 1999 as evidence supporting her claim of arthritis. [Plaintiff's brief, p. 9]. However, Plaintiff returned to work after this date and there is no indication that treatment was undertaken based upon these test results. [R. 797].

[6] Norvasc is indicated for the treatment of hypertension, for which a common side effect is edema. *Physicians' Desk Reference*, 2021, 2022 (51st ed. 1997).

6

hand." [R. 712]. However, Dr. Dalessandro determined dexterity of gross and fine manipulation was present and there were no joint deformities. [R. 713]. His functional assessment indicated Plaintiff could effectively oppose the thumb to the finger tips and that she could manipulate small objects and effectively grasp tools. [R. 717]. While these reports do reflect instances of mild swelling occurred, they do not support the repeated problem with swelling that Plaintiff claims. The claimant must show more than the mere presence of a condition or ailment. See *Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S.Ct. 2287, 2297, 96 L.Ed.2d 119 (1987)(step two designed to identify "at an early stage" claimants with such slight impairments they would be unlikely to be found disabled even if age, education, and experience were considered).

Equally unavailing are Plaintiff's contentions regarding the ALJ's treatment of evidence of "heart impairments and all of the objective medical evidence related to these problems." None of the records cited by Plaintiff contain any mention of functional limitations due to a heart impairment. In fact, the cardiologist to whom Dr. Williams referred Plaintiff did not think her chest pain was cardiac in etiology but that her problem was emotional. [R. 689-691]. The claimant has the burden to provide objective evidence "sufficient to suggest a reasonable possibility that a severe impairment exists." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir.1997).

Pursuant to 20 C.F.R. §§ 404.1520(c), 416.920(c) (1986), the step two severity finding is based on medical factors alone. Plaintiff's allegations that she has severe impairments of degenerative joint disease, spinal arthritis, repeated swelling in the extremities and heart impairments that significantly limit her ability to do basic work activities are not supported by the medical evidence. It is the claimant's burden to

demonstrate an impairment, or a combination of impairments, that significantly limits his/her ability to do basic work activities. See *Bowen*, 482 U.S. at 146 n. 5, 107 S.Ct. 2287; 20 C.F.R. § 404.1521. Plaintiff has not done so in this case. The Court finds the ALJ properly considered the medical evidence. His determination that hypertension is Plaintiff's single physical severe impairment at step two is supported by substantial evidence.

### RFC Determination

Plaintiff's complaints with regard to the ALJ's RFC determination relate directly to her claims that he failed to consider probative medical evidence which the Court has determined are without merit. The ALJ's assessment of Plaintiff's RFC was based upon all of the evidence in the record and there is no evidence that overwhelms or conflicts with his assessment. See Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *2, *5; 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946 (The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all of the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ.).

The ALJ stated he had considered Plaintiff's impairments individually and in combination. [R. 538]. There is nothing in the record or in the ALJ's decision that indicates otherwise. Because the ALJ properly determined Plaintiff did not have severe cardiovascular and musculoskeletal impairments, there was no obligation to consider the impact of obesity in combination with such impairments under the circumstances of this case. When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened.

8

*Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004); *Hawkins*, 113 F.3d at 1169 (agency not required to address or assess exertional requirements for which the medical record provides no evidence of an impairment or limitation).

After considering the medical evidence and the other evidence in the record, including Plaintiff's application materials and testimony, the ALJ properly found Plaintiff has severe impairments of hypertension, anxiety disorder and personality disorder and assessed work restrictions accordingly. The RFC assessed by the ALJ is supported by substantial evidence in the record.

### **Credibility**

The record contains ample support for the ALJ's credibility determination. Among the reasons for discounting allegations of total disability were the medical and clinical findings that were inconsistent with Plaintiff's allegations. Such inconsistencies are an appropriate basis for evaluating credibility. *See Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996); *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995); *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1499 (10th Cir. 1992). The Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility in determining whether the claimant suffers from a disabling impairment. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986). Basically, Plaintiff is dissatisfied with the weight given the evidence by the ALJ and essentially asks the Court to reweigh the evidence. This it cannot do. *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

Contrary to Plaintiff's argument, the ALJ identified the specific evidence he relied on in determining that Plaintiff's allegations of disabling pain were not credible and he adequately linked his credibility findings to the evidence as required by *Kepler*, 68 F.3d

9

at 391. Because the ALJ followed *Kepler* and the credibility evaluation was supported by substantial evidence, it is not the Court's prerogative to disturb it.

## Conclusion

The ALJ's decision demonstrates that he considered all of the medical reports and other evidence in the record in his determination that Plaintiff retained the capacity to perform a wide range of light work. The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner is AFFIRMED.

SO ORDERED this 30th day of November, 2007.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE